[Decided February 4, 1887.]

## J. M. BRUNSWICK AND BALKE COMPANY *v.* TACOMA MILL COMPANY.

SALE — CONDITIONAL — PRESUMPTION — PLEADING. — Defendant in an action for recovery of a billiard-table showed title through vendee of plaintiff under a conditional sale and lease, the time designated in the contract of sale for the making of payments having expired. Plaintiff failed to allege or prove non-compliance by vendee with terms of conditional sale. *Held,* that compliance by vendee with conditions would be presumed, and that in the absence of such allegation and proof the defendant was entitled to the property.

ERROR to the District Court holding terms at Tacoma. Second District.

Plaintiff as owner sued for $350, the value of a billiard-table alleged to have been wrongfully converted by defendant. The defendant answered, alleging that plaintiff had conditionally sold the property to one Shelton in May, 1883, who was to pay the purchase price within one year in monthly installments, with interest. The transaction between the parties was evidenced by two several instruments set forth in the answer, one of them being a contract of sale with conditions, among which was a stipulation that the title to the property should remain in plaintiff until all the conditions were complied with, and also that payment should be secured by lease and fire insurance on property. On delivery of the table the lease stipulated for was executed by plaintiff, providing for a monthly rental of twenty-five dollars, to be paid by Shelton for one year, with an option to purchase the property at the end of the year for the additional sum of twenty-five dollars, the aggregate amount for rent, and the other cash payments to be made by Shelton, being equal to the price of the property. It was also stipulated in the lease that the title of the property should remain with plaintiff until all the conditions in the lease were com-

plied with. The answer further stated that the prop-
was delivered to Shelton, who continuously remained
in the exclusive possession of the property until some
time in 1884, and after the expiration of one year from
the time the table was delivered to Shelton under said
contracts, when the same was attached and sold by or-
der of the court as the property of Shelton, and pur-
chased for value by defendant's vendor, who had no
notice of any secret liens thereon, or of plaintiff's claim
of ownership. Neither contract of sale nor lease was
ever recorded. The answer further stated that Shel-
ton had made some payments on the property, but
how much was unknown to the defendant. The plain-
tiff filed no reply, but the parties agreed to a statement
of facts which embraced substantially the facts as al-
leged in the answer. Nothing was stated therein show-
ing that Shelton had failed to make the payments as
he had agreed, or that there had been any breach of
any of the conditions of the contracts on his part.
Upon this agreed statement of facts the cause was
tried by the court without a jury. Findings and
judgment for the defendant, and plaintiff appealed.

*Messrs. Campbell & Powell,* for the Plaintiff in Error.

It is a well-settled principle that an execution creditor
can acquire through his levy no higher or better right
to the property levied upon than the defendant had
when the execution was levied. (Drake on Attach-
ment, 5th ed., sec. 245.) The conditions of the con-
tract between the J. M. Brunswick and Balke Company
and L. T. Shelton never having been performed by said
Shelton, the title to the property never vested in him,
but remained in the J. M. Brunswick and Balke Com-
pany. (Benjamin on Sales, 4th ed., sec. 320, and note
*d; Kohler* v. *Hayes,* 41 Cal. 455; *Singer Mfg. Co.* v. *Gra-
ham,* 8 Or. 17; *Ballard* v. *Burgett,* 40 N. Y. 314; *Rowe* v.
*Sharp,* 51 Pa. St. 26; *Thorpe* v. *Fowler,* 26 Alb. Law Jour.

258; *The Marina,* 19 Fed. Rep. 760; *Heinbockel* v. *Zug-baum,* 5 Pac. Rep. 897; *Hirschorn* v. *Canney,* 98 Mass. 149.) No property in the chattels passed by the sheriff's sale nor by the subsequent sale to the defendant. (*Singer Mfg. Co.* v. *Graham,* 8 Or. 17; *Crist* v. *Kleber,* 79 Pa. St. 290; *Enlow* v. *Klein,* 79 Pa. St. 488; *Hirschorn* v. *Canney,* 98 Mass. 149.) The case of *Robert G. Hervey and the Paris and Decatur R. R. Co.* v. *Rhode Island Locomotive Works,* 93 U. S. 664, cannot be cited by the defendant in support of the judgment rendered in this case, for the reason that that case was determined under the peculiar statutes of Illinois. (*Meyer and Dennison* v. *Western Car Co.,* 102 U. S. 1; *The Marina,* 19 Fed. Rep. 760.)

*Messrs. Struve, Haines, & McMicken,* for the Defendant in Error.

The contract in question between Shelton and plaintiff is a contract of sale with stipulation giving the vendor security for the payment of the purchase-money. (*Miller* v. *Steen,* 30 Cal. 403; *Heryford* v. *Davis,* 102 U. S. 235; *Hervey* v. *Rhode Island Locomotive Works,* 93 U. S. 664; *Ketchum* v. *Watson,* 24 Ill. 591; *McCormick* v. *Nadden,* 37 Ill. 370; *Marsh* v. *Wright,* 46 Ill. 487; *Greer* v. *Church,* 13 Bush, 430; *Hart* v. *Barney & Smith Mfg. Co.,* 9 Feb. Rep. 543; *Vaughn* v. *Hopson,* 10 Bush, 338; *Wait* v. *Green,* 36 N. Y. 556.) The whole transaction between Shelton and the appellant, although called a lease, was in legal effect a sale of the property and a mortgage back by the vendee. As against the claim of appellee, who is a creditor, this mortgage is absolutely void, because it is not accompanied by the statutory affidavit of Shelton, nor acknowledged and recorded as required by the Code of Washington Territory, 1881. (Code, sec. 1987 et seq.; Jones on Chattel Mortgages, sec. 263; *In re Thomas Gurney,* 7 Biss. 414.) There is nothing in the record showing how much was paid on the property by Shelton, nor

does it appear that Shelton has failed to make payment as agreed, or that there had been any breach of any of the conditions to be performed by him under the contracts. Where property is sold on condition to one who is allowed to assume possession and the apparent ownership, third parties have a right to consider it as his, and it is incumbent on the vendor, who would claim the ownership adversely to the rights of such person, to prove that the conditions have not been performed. (*Leighton* v. *Stevens*, 19 Me. 154; Benjamin on Sales, sec. 321, and note *d.*)

Mr. Chief Justice GREENE delivered the opinion of the court.

This a billiard-table case arising out of a contract substantially the same as in the case of *St. Germain* v. *Wind*, decided to-day. Here the lease, so called, is detached from the so-called contract, and was executed a month or two later, but the two are so related as to constitute essentially one contract. But this case stands upon the pleadings differently from that of *St. Germain* v. *Wind*.

Plaintiff began his action in the District Court, March 26, 1885, pleading his ownership and right of possession, and the defendant's possession and wrongful withholding. Defendant answered, setting forth in full the contract in both parts, and alleging itself to be an innocent purchaser in good faith for value, holding the table by purchase from a purchaser at an attachment sale of the goods of the contract vendee. From the terms of the contract as pleaded, it appears that the table was delivered pursuant thereto on the twenty-third day of May, 1883, and was to be fully paid for within a year from that day. Neither complaint nor answer shows when the table passed out of the original vendee's possession, nor how much has been paid upon it. This being the state of the pleadings, it would be presumed that the

purchase price had all been paid before the original vendee was dispossessed, and it would be for the plaintiff to reply non-payment. There is no reply in the record. Instead of moving for judgment on the pleadings, the defendant stipulated with the plaintiff the facts, and the cause went to trial before the court on the facts as agreed. Nothing in the statement of facts aids the infirmity of the plaintiff's position upon the pleadings.

The defendant, therefore, was entitled to the judgment it obtained. The judgment of the District Court is affirmed.

TURNER, J. concurred.

LANGFORD, J.—I concur in the result, but not in the reasoning.